IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RIVERS D. DALTON,
Inmate No. 130149,
    Plaintiff,

vs.                                          Case No. 3:15cv134/MCR/EMT

R. COMERFORD, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's fourth amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 24). Leave to proceed in forma pauperis has been granted (ECF No. 12).

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i).

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 24 at 4–5). In Question A of Section IV, which requests information regarding any previous cases Plaintiff might have filed in state court that deal with the same or similar facts as those in the instant action, Plaintiff disclosed one case, Rivers v. Sheffield, Case No. 13-14277, identified as having been filed in Fort Pierce, Florida.

In Question B of Section IV, which requests information regarding any previous cases Plaintiff might have filed in federal court that deal with the same or similar facts as those in the instant action, Plaintiff answered "no" to the question (*id.* at 4).

Question C of Section IV asks, "Have you initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your

incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 5). Plaintiff answered "no" to this question.

Thus, Plaintiff in effect stated that, aside from the case he identified in Question A, he has never initiated any actions in federal court that related to the fact or manner of his incarceration or the conditions of his confinement or that involve similar facts and circumstances as the instant case.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 24 at 16).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint, he had previously filed Dalton v. Severson, Case No. 2:13-cv-734-JES-MRM, in the United States District Court for the Middle District of Florida.[1] This

---

[1] The inmate number (#130149) of the plaintiff in Middle District Case No. 2:13-cv-734-JES-MRM matches Plaintiff's. *See* Dalton v. Severson, Case No. 2:13-cv-734-JES-MRM, Administrative Grievances attached to

previous case was also a civil rights cause of action, filed on October 17, 2013, and is currently pending. In a motion to dismiss filed by one of the defendants in that case, the summarized facts are to the effect that Plaintiff had been assaulted by other inmates on at least two separate occasions (*see id.* at ECF No. 37 at 1–2). Plaintiff did not identify this case in any of the sections of the complaint form identified above despite the fact that was responsive to Question C. Additionally, the court has reviewed the facts of the instant fourth amended complaint and finds that it concerns several events during which Plaintiff claims he was subjected to assaults and sexual assaults by both cellmates and corrections officers while housed at Santa Rosa Correctional Institution (ECF No. 24 at 7–14). Thus, the previous case cited above is quite similar to the one currently before the court, and Plaintiff should therefore have answered "yes" to Question B of Section IV as well.[2]

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[3] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

---

Complaint, docs. 1-1, 1-2 (M.D. Fla. October 17, 2013).

[2] It should be noted that Plaintiff also failed to identify this previous case in any of the four previous complaints he filed in the instant action (ECF Nos. 1, 6, 8, 17).

[3] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 24 at 4) (emphasis and capitalization in original).

Case No: 3:15cv134/MCR/EMT

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[4] *See*, *e.g.*, <u>Hanson v. McCaul</u>, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); <u>Thomas v. Ammons</u>, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . ."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that Plaintiff be assessed a "strike" under 28 U.S.C. § 1915(e).

2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this <u>17th</u> day of November 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[4] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**